UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

ENRIQUE HERNANDEZ-SALGADO, a/k/a
Jesus H. Salgado, a/k/a Henry
Hernandez,
                    *Defendant-Appellant.*

No. 01-4715

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-01-8)

Submitted: April 30, 2002

Decided: June 3, 2002

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Scott L. Wilkinson, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

**OPINION**

PER CURIAM:

Enrique Hernandez-Salgado was charged in a one-count indictment with being an aggravated felon who entered the United States without consent of the Attorney General after having been previously deported in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). Hernandez-Salgado was convicted in October 1997 for aggravated assault of a handicapped person and was deported in March 1999. The Government gave Hernandez-Salgado notice that his sentence would be enhanced under 8 U.S.C.A. § 1326(b)(2) and that he would be subject to a maximum sentence of imprisonment of twenty years.

Hernandez-Salgado pleaded guilty without the benefit of a plea agreement. The district court sentenced him to seventy-seven months in prison, three years of supervised release, and assessed a $1000 fine. Hernandez-Salgado's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether § 1326 is constitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Hernandez-Salgado was informed of his right to file a pro se supplemental brief but has not done so.

Because Hernandez-Salgado did not raise this issue in the district court, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). Section 1326 provides a two-year maximum sentence for any alien who illegally enters the United States after having been deported. 8 U.S.C.A. § 1326(a)(1). If the removal was subsequent to a conviction for an aggravated felony, the statutory maximum increases to twenty years. § 1326(b)(2). In *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), the Supreme Court held that § 1326(b)(2) is a sentencing factor rather than a separate offense. We have expressly determined that the holding in *Almendarez-Torres* was not overruled by *Apprendi*. *United States v. Sterling*, 283 F.3d 216, 220 (4th Cir. 2002). Accordingly, the Government was not

required to charge the fact of Hernandez-Salgado's prior aggravated felony conviction in the indictment or prove it beyond a reasonable doubt.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Hernandez-Salgado's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*